**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Kabbage, Inc. d/b/a KServicing,<br><br>    Plaintiff,<br><br>v.<br><br>Customers Bank,<br><br>    Defendant. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff Kabbage, Inc. d/b/a KServicing ("KServicing"), by and through its counsel, files this Complaint against Defendant Customer Bank ("Customers") and states as follows:

## PARTIES

1. Plaintiff KServicing is a citizen of Georgia and Delaware because it is a Delaware corporation and has its principal place of business in Atlanta, Georgia.

2. Defendant Customers Bank is a citizen of Pennsylvania because it is a Pennsylvania state-chartered bank and has its principal place of business in Wyomissing, Pennsylvania.

1

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Customers because Customers has conducted activities and/or maintained sufficient contacts to place it within the personal jurisdiction of this Court.

4. Customers has entered into contracts for various loan services rendered by KServicing in Georgia that are the subject of this suit.

5. Customers funded loans pursuant to one such agreement in Georgia by making payment to a bank account located in Atlanta, Georgia. Customers further made payment to KServicing for services provided to a separate bank account located in Atlanta, Georgia.

6. Customers has repeatedly directed correspondence related to the parties' agreements to KServicing in Georgia.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) because this civil action involves a citizen of one state and a citizen of a different state and the matter in controversy exceeds $35,000,000 exclusive of interest and costs.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2) because Customers is subject to personal jurisdiction in Georgia, and therefore resides in this district within the meaning of 28 U.S.C. § 1391(c).

## FACTS

9. At all relevant times, KServicing has provided, and is continuing to provide, Customers with various services related to loans funded by Customers and issued pursuant to the Small Business Administration's (the "SBA") Paycheck Protection Program (the "PPP"). This action arises out of Customers failure to pay KServicing amounts owed for those services pursuant to the parties' agreements.

10. On or about April 27, 2020, KServicing and Customers signed the Processing and Servicing Agreement Pursuant to Division A, Title I of the CARES Act (the "PSA"). Under the PSA, KServicing agreed to service and process PPP loans funded and originated by Customers. In exchange, Customers agreed to pay KServicing a specified percentage of each loan amount serviced under the PSA (the "Agent Fee").

11. KServicing and Customers also entered into the SaaS Services Agreement ("SSA"), in which KServicing agreed to provide proprietary software to assist Customers in servicing PPP loans. Customers again agreed to pay a specified percentage of the loan amount for each loan serviced using the software (the "SaaS Service Fee").

12. Pursuant to a January 15, 2021 amendment to the PSA and SSA, Customers is obligated to make payment for the services provided under the

respective agreements within "thirty (30) calendar days from the date that Bank receives the Bank Processing Fee from the SBA in respect of the applicable Loan."

13. On or about March 11, 2021, the PSA and SSA were amended again. That amendment, among other things, established a procedure by which KServicing would refer loans to BillFloat, Inc. d/b/a SmartBiz Loans ("SmartBiz") for further processing and submission. For such loans, Customers agreed to pay KServicing a percentage of the fee paid to Customers by the SBA (the "Combined 3PL Fee") within thirty days of receiving payment from the SBA.

14. The SBA has paid Customers fees associated with numerous loans which were processed and serviced by KServicing, through the use of KServicing's proprietary software, or by SmartBiz after referral from KServicing. Customers, however, has refused to pay KServicing all amounts owed for the Agent Fees, SaaS Service Fees, and Combined 3PL Fees associated with those loans.

15. Customers continues to withhold such amounts despite KServicing's multiple and repeated demands for payment.

16. To date, Customers has withheld tens of millions in Agent Fees, SaaS Service Fees and Combined 3PL Fees owed to KServicing under the PSA and SSA,

after accounting for setoffs by KServicing of amounts KServicing owes to Customers.[1]

## COUNT I
### (Breach of Contract – Agent Fees)

17. KServicing incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint as if set forth in their entirety.

18. Customers has breached the PSA by failing to pay the Agent Fees owed to KServicing under the PSA.

19. Customers is liable to KServicing for these unpaid amounts.

20. The Court should enter judgment in KServicing's favor and against Customers in an amount to be proven.

## COUNT II
### (Breach of Contract – SaaS Service Fees)

21. KServicing incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if set forth in their entirety.

22. Customers has breached the PSA by failing to pay the SaaS Service Fees owed to KServicing under the SSA.

23. Customers is liable to KServicing for these unpaid amounts.

---

[1] Setoff has no impact on borrower payments; for all times, Kabbage has credited borrower payments to the borrower's respective accounts.

5

24. The Court should enter judgment in KServicing's favor and against Customers in an amount to be proven.

## COUNT III
### (Breach of Contract – Combined 3PL Fees)

25. KServicing incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if set forth in their entirety.

26. Customers has breached the March 11, 2021 amendment by failing to pay the Combined 3PL Fees owed to KServicing under that amendment.

27. Customers is liable to KServicing for these unpaid amounts.

28. The Court should enter judgment in KServicing's favor and against Customers in an amount to be proven.

## PRAYERS FOR RELIEF

WHEREFORE, KServicing prays that the Court enter judgment in favor of KServicing and against Customers awarding:

1. Damages and all relief available to KServicing as a result of Customers refusal to fully pay KServicing under the terms of the PSA, SSA, and all related amendments, including interest; and

2. Any other relief that the Court determines is just or proper.

DATED:  May 25, 2022          Respectfully submitted,

*/s/ Uchenna Ekuma-Nkama*
Uchenna Ekuma-Nkama
Georgia Bar No. 957861
Alizé D. Mitchell
Georgia Bar No. 349963
DENTONS US LLP
303 Peachtree Street, N.E.
Suite 5300
Atlanta, GA  30308
Telephone:  (404) 527-4000
Facsimile:   (404) 527-4198
uchenna.ekuma-nkama@dentons.com
alize.mitchell@dentons.com


Yvette Ostolaza (*pro hac vice* forthcoming)
yvette.ostolaza@sidley.com
Robert S. Velevis (*pro hac vice* forthcoming)
rvelevis@sidley.com
Drake E. Leifried (*pro hac vice* forthcoming)
dleifried@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas  75201
Telephone: 214.981.3300
Facsimile: 214.981.3400

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Kabbage, Inc. d/b/a KServicing<br><br>Plaintiff,<br><br>v.<br><br>Customers Bank,<br><br>Defendant. | CIVIL ACTION NO. |

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing was prepared in accordance with N.D. Ga. L.R. 5.1, using Times New Roman font, 14 point.

*/s/ Uchenna Ekuma-Nkama*
Uchenna Ekuma-Nkama